**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| PAM TEXAS INJURY PLAN § | | |
|     Plaintiff, § | | |
| § | CASE NO. 4:07CV541 | |
| v. § | | |
| § | | |
| RYAN KLUCKER, ET AL., § | | |
|     Defendants. § | | |

## <u>MEMORANDUM OPINION AND ORDER DENYING SUMMARY JUDGMENT</u>

Now before the Court is Plaintiff's Motion for Summary Judgment (Dkt. 32). Having reviewed the record, the Court finds that the motion should be DENIED.

### BACKGROUND

Klucker was a participant under the P.A.M. Texas Injury Plan, which provided medical and indemnity benefits totaling $29,898.74 to or on behalf of Klucker after he suffered an on-the-job injury when the tractor-trailer in which he was a passenger was struck by another vehicle driven by Chris Friedhoff, an employee of Florence Livestock, Inc. Apparently, Klucker later reached a settlement with Florence Livestock for approximately $75,000 as a result of this accident.

The P.A.M. Texas Injury Plan contains the following provision:

**<u>Recovery From Third Parties</u>**

If you become entitled to or receive benefits under the Plan for any Injury caused by another person or organization and become entitled to or otherwise collect any other compensation in connection with such Injury, whether by insurance, litigation, settlement or other proceeding, you must (1) reimburse the Plan out off such other compensation to the extent of any Plan benefits that you have received, and (2) execute any documents requested by the Claims Administrator to enable the Plan to recover such benefits.

Relying on this clause, Plaintiff seeks a constructive trust to prevent the dispersal of certain settlement funds received by Defendant until its subrogation interests are satisfied. Plaintiff also brings a breach of contract claim for Klucker's alleged failure to comply with the terms of the Plan and an equitable subrogation claim, as well as a claim for attorney's fees.

In response, Klucker has brought a counterclaim, alleging that Plaintiff violated the duties owed to him under ERISA in its termination of Plan benefits. Plaintiff cited two reasons for terminating Klucker's benefits under the Plan: (1) Klucker's alleged refusal to permit a Plan representative to be present in the exam room during a doctor visit and (2) a normal MRI to Klucker's left shoulder. Klucker claims that the MRI does not support the conclusion that Klucker was no longer entitled to benefits and that the Plan's provision about a Plan representative's presence at an exam is unclear as written. Klucker also argues that the notice provided was not made in accordance with ERISA.

### MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 7 31 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

ANALYSIS

Having reviewed the summary judgment evidence before it, the Court finds that there are fact issues here precluding summary judgment.  In particular, the Court finds that the summary judgment evidence creates fact issues regarding the Plan's purported reasons for termination of Klucker's Plan benefits.  There is a fact issue as to whether an authorized representative was denied access to Klucker's exam and who, if anyone, denied such access.  Further, there is a fact issue regarding whether Klucker's MRI results were sufficient reason to terminate his benefits and whether Klucker continued to suffer from an injury covered by the Plan.  Because any recovery by Plaintiff as to the settlement funds could be offset by any damages recovered by Klucker as to the wrongful termination, summary judgment is inappropriate at this time.

**SO ORDERED.**

**SIGNED this 22nd day of August, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE